IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KYREE L PEREZ,

    Plaintiff,

v.                                              CASE NO. 4:16-cv-421-RH-GRJ

RUSSELL HEALEY, et al.

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 11, an Amended Complaint filed by Plaintiff, an inmate confined at Okaloosa CI.  Plaintiff has been granted leave to proceed as a pauper by separate order.  ECF No. 16.

Plaintiff is serving a sentence imposed in Duval County in January 2015 for attempted second degree murder and a firearms offense.  The Complaint alleges that following Petitioner's extradition from Philadelphia to Duval County in June 2014, he was unlawfully confined beyond the statutory time limit before formal charges were filed.  Plaintiff alleges that his unlawful confinement violated his due process rights.  He seeks monetary relief and "immediate discharge" from confinement.  The named Defendants are Judge Russell Healey, Public Defenders Joshua Beard and Manny Souza, and State Attorney John Cannizzoso.  ECF No. 11.

Although the case has been filed as a prisoner civil rights case, to the extent that Plaintiff seeks immediate release in connection with any pending state case relief would be in the nature of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus."). Such claims are not properly raised in a civil rights complaint.

Plaintiff's claim for damages against Judge Healey is barred because a judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), *quoting Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991). There are no allegations suggesting that Plaintiff's claims fall within any exception to this immunity doctrine.

"In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009)

(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281.  Plaintiff therefore is not entitled to relief against the State Attorney.

Plaintiff's claims against two public defenders cannot go forward because representation by public defenders is not "state action" and gives no rise to liability under § 1983 absent a conspiracy with state actors.  *See Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir. 1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir. 1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).  The actions of defense counsel in representing Plaintiff are the acts of a private party.  The law is clear that "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a public defender is not a "state actor" for purposes of § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)(holding that under the facts of this case, a public defender was not acting "under color of state law" but declining to hold that a public defender never acts in that role).  The allegations of the Complaint are plainly insufficient to establish the existence of a conspiracy that would support a § 1983 claim.

For the foregoing reasons, it is respectfully **RECOMMENDED** that

*Page 4 of 4*

this case be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this 27th day of January 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**